UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

---

JASON RYAN,

                Plaintiff,

- against -

LIFESTYLE PUBLICATIONS, LLC

                Defendant.

Docket No. 1:19-cv-2216

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Jason Ryan ("Ryan" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Lifestyle Publications, LLC ("Lifestyle Publications" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Nora Cohen leading a horse to lifeguard station in Malibu during the Woolsey fire, owned and registered by Ryan, a professional photographer. Accordingly, Ryan seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in Colorado and is registered with the Colorado Department of State Division of Corporations.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Ryan is a professional photographer in the business of licensing his photographs to online and print media for a fee with a place of business at 1247 12th Street, #4, Santa Monica, California 90401.

6. Upon information and belief, Lifestyle Publications is a foreign limited liability company organized and existing under the laws of the State of Colorado, with a place of business at 514 West 26th Street, Kansas City, MO 64108. Upon information and belief, Lifestyle Publications in registered with the Colorado State Department of Corporations to do business in Colorado. At all times material hereto, Lifestyle Publications has owned and operated a website at the URL: www.MalibuPalisadesLifeStylePubs.com (the "Website").

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Photograph

7. Ryan photographed Nora Cohen leading a horse to lifeguard station in Malibu during the Woolsey fire (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Ryan published the Photograph on his Website with copyright management information surrounding the Photograph. See Exhibit B.

9. Ryan is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-149-024.

**B. Defendant's Infringing Activities**

11. Lifestyle Publications ran an article on the Website entitled *Connecting Community: Big Heart Ranch Sparks Healing Nature.* See http://www.malibutopalisadeslifestylepubs.com/2019/02/28/connecting-community-big-heart-ranch-sparks-healing-nature/. The article featured the Photograph. A screenshot of the Photograph on the Website is attached hereto as Exhibit C.

12. Lifestyle Publications did not license the Photograph from Plaintiff for its article, nor did Lifestyle Publications have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Lifestyle Publications infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Lifestyle Publications is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Lifestyle Publications have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19. Upon information and belief, in its article on the Website, Defendant copied the Photograph from his website which contained a credit Photograph stating, "Jason Ryan Photography" and placed it on its Website without any credit.

20. Upon information and belief, Lifestyle Publications intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

21. The conduct of Lifestyle Publications violates 17 U.S.C. § 1202(b).

22. Upon information and belief, Lifestyle Publications' falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

23. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Lifestyle Publications intentionally, knowingly

and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Lifestyle Publications also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

24. As a result of the wrongful conduct of Lifestyle Publications as alleged herein, Plaintiff is entitled to recover from Lifestyle Publications the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Lifestyle Publications because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

25. Alternatively, Plaintiff may elect to recover from Lifestyle Publications statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Lifestyle Publications be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Lifestyle Publications be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either:
   a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any

      kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded punitive damages for copyright infringement;

8. That Plaintiff be awarded attorney's fees and costs;

9. That Plaintiff be awarded pre-judgment interest; and

10. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       August 4, 2019

                                      LIEBOWITZ LAW FIRM, PLLC

                                      By: /s/Richard Liebowitz
                                             Richard P. Liebowitz
                                    11 Sunrise Plaza, Suite 305
                                    Valley Stream, NY 11580
                                    Tel: (516) 233-1660
                                    RL@LiebowitzLawFirm.com

                                    *Attorneys for Plaintiff Jason Ryan*